

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/10/2020

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| AMERICAN COMMERCIAL LINES INC., *et al.*, | § § § | Case No. 20-30982 (MI) |
|  | § | (Jointly Administered) |
| Debtors.[1] | § § § | (Emergency Hearing Requested) |

**ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE PAYING OBLIGATIONS WITH RESPECT TO INSURANCE POLICIES ENTERED INTO PREPETITION (B) CONTINUE TO PAY BROKERAGE FEES, (C) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE, (D) CONTINUE TO PAY WORKER'S COMPENSATION COVERAGE, LHWCA AND JONES ACT COVERAGE, (E) MAINTAIN SURETY BONDS, AND (II) GRANTING RELATED RELIEF**

[Docket No. 12]

Upon the motion (the "Motion"),[2] of the above-captioned Debtors for an order (this "Order") (a) authorizing, but not directing, the Debtors to (i) continue honoring their insurance obligations under the prepetition Insurance Policies and satisfy prepetition obligations related thereto, including the payment of related brokerage fees; (ii) renew, supplement, modify, extend, or purchase insurance coverage in the ordinary course of business on a postpetition basis; (iii) pay fees on account of the Workers' Compensation Coverage; (iv) continue to renew their Surety Bonds on an uninterrupted basis postpetition; and (b) granting related relief, as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Finn Holding Corporation (1456), ACL I Corporation (1534), American Commercial Lines Inc. (7794), Commercial Barge Line Company (2365), American Commercial Barge Line LLC (6600), American Commercial Lines International LLC (6599), ACBL Oldco, LLC (6602), ACBL Transportation Services LLC (6589), ACBL River Operations LLC (6762), Old JB LLC (6590), and ACL Professional Services Inc. (4614). The Debtors' principal offices are located at 1701 E. Market Street, Jeffersonville, Indiana 47130.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized, but not directed, to continue their Insurance Policies, Workers Compensation, Coverage and Surety Bond Program, and to perform their obligations with respect thereto, including paying the Insurance Brokers on a postpetition basis in the ordinary course of business.

2. The Debtors are authorized, but not directed, to do the following, which includes making payments with respect to the relief requested in the Motion:

   (i) continue the Insurance Policies identified on **Exhibit B** to the Motion and to pay amounts in connection with any prepetition or postpetition obligations under the Insurance Policies, including any Broker Fees;

   (ii) renew, amend, supplement, extend, reduce, or purchase insurance policies to the extent that the Debtors determine, in consultation with counsel to the agents under the Debtors' postpetition financing facilities, that such action is in the best interest of their estates;

   (iii) pay prepetition obligations on account of the Workers' Compensation, LHWCA, and Jones Act Coverage;

   (iv) honor the terms of the Financing Agreements and pay premiums thereunder, and enter into new premium financing agreements in the ordinary course of business; and

    (v)    maintain the Surety Bonds without interruption, including the payment of premiums, renewal or obtainment of new surety bonds, and execution of other agreements in connection with the Surety Bonds.

3. Notwithstanding anything to the contrary in the Financing Agreements, the Debtors' filing of these chapter 11 cases shall not constitute a default under the Financing Agreements. In the event the Debtors default under the terms of the Financing Agreements, AFCO shall provide notice to the Debtors of such default and at least ten business days to cure.

4. The Debtors are authorized, but not directed, to renew their Insurance Policies, Workers Compensation, LHWCA and Jones Act Coverage, and Surety Bonds, each in the ordinary course and consistent with past practices.

5. Notwithstanding the relief granted in this Order, any payment made or to be made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final orders entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility and any budget or cash flow forecasts in connection therewith and/or authorizing the Debtors' use of cash collateral and any budget or cash flow forecasts in connection therewith (in either case, the "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control. For the avoidance of doubt, the Debtors are not authorized to make any payments pursuant to this Order to, or on behalf of, a non-debtor affiliate except as permitted by the Budget (as defined in the DIP Order).

6. Nothing in the Motion or this Order shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with or relating to the Surety Bond Program and nothing in this Order renders any claim by any third party based on a prepetition actual, potential, or asserted liability of the Debtors,

which claim may or does result in a loss to a Surety under the Surety Bond Program, into a postpetition claim or expense of administration.

7. Except as expressly set forth herein, to the extent any Surety Bond or related agreement is deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Order nor any payments made in accordance with this Order shall constitute the assumption or postpetition reaffirmation of those Surety Bonds or related agreements under section 365 of the Bankruptcy Code.

8. The Debtors are not authorized by this Order to take any action with respect to a Surety Bond that would have the effect of transforming a prepetition undersecured or unsecured Surety Bond obligation to a postpetition or secured obligation. Such relief may be sought by separate motion.

9. The Debtors will notify the United States Trustee counsel to that certain ad hoc group of lenders under the Debtors' prepetition Term Loan Facility, and any statutory committee appointed in this case if Debtors increase or decrease existing coverage, change carriers, enter into any new premium financing agreements or obtain additional insurance coverage.

10. The Debtors shall maintain a matrix/ schedule of payments related to the Insurance Policies made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; and (d) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

11. The Banks are authorized and directed to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by

the Debtors relating to the obligations, to the extent that sufficient funds are on deposit in available funds in the applicable bank accounts to cover such payments. The Banks are authorized and directed to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

12. The Debtors are further authorized to issue postpetition checks, or to effect postpetition funds transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

13. Nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

15. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

18. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: February 10, 2020

_____
Marvin Isgur
United States Bankruptcy Judge