| | | |
|---|---|---|
| **JEREMY BAILEY** | * | **1s<sup>th</sup> JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | **DOCKET No. 4 GiffiO:b** |
| **AMERICAN COMMERCIAL BARGE LINE LLC, ET AL** | * | **POINTE COUPEE PARISH;;Lomsr'ANA** |

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes petitioner, **JEREMY BAILEY,** an individual of the full age of majority and domiciliary of the State of Louisiana, who respectfully represents:

1.

This matter is brought pursuant to 46 U.S.C. § 30104 et. seq., more commonly known as the Jones Act, and under the general maritime law including, but not limited to, for unseaworthiness and for maintenance and cure.

2.

Made defendants herein are:

A.   **AMERICAN COMMERCIAL BARGE LINE LLC** (hereinafter sometimes referred to as "ACBL"), a corporation who, at all pertinent times, including at the time of the incident at issue, was the owner and operator of the M N Safety Goal, and the employer of **JEREMY BAILEY; and**

B.   **WESTERN RIVERS BOAT MANAGEMENT, INC.** (hereinafter sometimes referred to as "WESTERN RNERS"), a corporation who, at all pertinent times, including at the time of the incident at issue, was the owner and operator of the M N Charles Straight.

3.

This claim arises as the result of injuries sustained by petitioner, **JEREMY BAILEY,** on or about January 15, 2019.

4.

At the time of the incident at issue, the M N Safety Goal and the M N Charles Straight were vessels in navigation, located in the Mississippi River, State of Louisiana, near mile marker 158.

5.

At the time of the incident, **JEREMY BAILEY** was employed by **ACBL** and serving as a member of the crew of the M/V Safety Goal.

EXHIBIT A

6.

In the early morning hours of January 15, 2019, the M/V Safety Goal assisted in building a tow of barges for the M/V Charles Straight.   When building the tow was completed, the crews of the two vessels exchanged rigging.   Specifically, the crew of the *M/V* Charles Straight was giving the crew of the M/V Safety Goal rigging to replace the Safety Goal's rigging used to build the tow.   While receiving a set of rigging from the crewmembers of the *M/V* Charles Straight, **JEREMY BAILEY** lost his balance and fell from a higher deck on the M/V Safety Goal, to a lower deck of the *M/V* Charles Straight.

7.

At all pertinent times including, but not limited to, at the time of the incident at issue, **JEREMY BAILEY** was a seaman as that term is defined for purposes of application of the Jones Act, the warranty of seaworthiness, and the entitlement to maintenance and cure.

8.

As a result of the incident, **JEREMY BAILEY** sustained various injuries including, but not limited to, injuries to his head, arm, knees, neck, and back.

9.

**JEREMY BAILEY** bears no fault for causing or contributing to this incident in any manner whatsoever.

10.

The incident and resulting injuries of **JEREMY BAILEY** and the damages sued upon herein were the sole, direct, and proximate result of the negligence and/or fault of **AMERICAN COMIVIERCIAL BARGE LINE LLC** and/or **WESTERN RIVERS BOAT MANAGEMENT, INC.,** and/or unseaworthy conditions caused, cr_eated or allowed to exist by virtue of **AMERICAN COMIVIERCIAL BARGE LINE LLC's** and/or **WESTERN RIVERS BOAT MANAGEMENT, INC.'s** actions, inactions and/or gross, willful, and/or wanton conduct and/or fault, and/or that of its principals, agents, servants, employees and/or those for whom it was responsible at the time of the herein above described incident, in the following non-exclusive particulars:

A. Placing **JEREMY BAILEY** in a situation that it knew or should have known to be umeasonably dangerous;

B. Failing to warn **JEREMY BAILEY** of conditions, hazards and/or hidden defects that it knew or should have known to present an unreasonable risk of harm;

C.     Failing to properly examine and/or inspect its vessel to ensure that it did not contain any unreasonably dangerous conditions;

D.     Failing to provide **JEREMY BAILEY** with a safe place to work;

E.     Failing to adequately instruct, hire, train and/or supervise;

F.     Failing to take all proper precautions to prevent the incident at issue and/or injuries sustained by **JEREMY BAILEY;**

G.     Failing to provide a competent master and/or crew for its vessel;

H.     Failing to take appropriate action under the circumstances;

I.     Violating one or more rules, standards, laws, regulations, recommended practices and/or policies applicable, in whole or in part, to the activities in question at the time of the incident which constituted, among other things, negligence per se; and

K.     Any and all other acts of negligence, fault, and/or unseaworthiness that will be established through discovery and/or proven at the trial of this matter.

11.

As a result of the incident at issue, **JEREMY BAILEY** sustained injuries entitling him to various categories of damages including, but not limited to:

A.     Loss of wages, loss of earning capacity, and loss of fringe benefits; past, present and future;

B.     Physical pain and suffering; past, present and future;

C.     Mental pain and suffering; past, present and future;

D.     Disability, disfigurement and/or loss of enjoyment of life; past, present and future;

E.     Loss of enjoyment of life; past, present and future;

F.     Cure and/or medical expenses; past, present and future;

G.     Maintenance; past, present and future;

H.     Loss of found; past, present and future;

I.     Loss of household services; past, present and future;

J.     Any and all other general and/or special damages recoverable under the applicable law(s).

12.

Venue is proper in this judicial district pursuant to La. C.C.P. art. 42 since **AMERICAN COMMERCIAL BARGE LINE LLC's** principal business establishment in Louisiana is located in Pointe Coupee Parish.

WHEREFORE, petitioner, **JEREMY BAILEY,** prays that defendants, **AMERICAN COMMERCIAL BARGE LINE LLC** and **WESTERN RIVERS BOAT MANAGEMENT, INC.,** be served with a certified copy of this Petition for Damages and be cited to answer; that after

due proceedings are had there be judgment herein in favor of petitioner and against defendants in the full and true sum of an amount of damages, both general and special, as is reasonable in the premises, plus legal interest thereon from date of judicial demand, until paid, all costs of these proceedings, and all other just and equitable relief.

Respectfully Submitted,

**BRIAN C. COLOMB (Bar No. 25625)**
1819 West Pinhook Road, Ste 250
P.O. Box 51127 (70505)
Lafayette, LA  70508
Telephone:  337-443-6954
Fax:  337-704-2805
brian@getgordon.com
**ATTORNEYS FOR PETITIONER,
JEREMY BAILEY**

**PLEASE SERVE:**

**AMERICAN COMMERCIAL BARGE LINE LLC**
Through its agent for service:
Stephen P. Jewell
c/o Jewell & Jewell
143 E. Main Street
New Roads, LA  70760

**THROUGH LONG ARM STATUTE**
**WESTERN RIVERS BOAT MANAGEMENT, INC**
Through its agent for service:
Laurie Miller
2660 W Park Drive, Ste 2
Paducah, KY  42001

ATTEST A TRUE CERTIFIED COPY
9/13/2019
DATE FILED 9/13/2019
OY. CLERK OF COURT
POINTE COUPEE PARISH
NEW ft?$♦♦.' tOUISIANA