

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/15/2020

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AMERICAN COMMERCIAL LINES INC., | § | Case No. 20-30982 (MI) |
| *et al.* | § | |
| | § | (Jointly Administered) |
| Reorganized Debtors.[1] | § | |
| | § | |

### FINAL DECREE CLOSING THE CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors" or the "Debtors," as applicable) for entry of a final decree (this "Final Decree") closing the chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Finn Holding Corporation (1456), ACL I Corporation (1534), American Commercial Lines Inc. (7794), Commercial Barge Line Company (2365), American Commercial Barge Line LLC (6600), American Commercial Lines International LLC (6599), ACBL Oldco, LLC (6602), ACBL Transportation Services LLC (6589), ACBL River Operations LLC (6762), Old JB LLC (6590), and ACL Professional Services Inc. (4614). The Debtors' principal offices are located at 1701 E. Market Street, Jeffersonville, Indiana 47130.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

10611707v1

reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following chapter 11 cases are hereby closed, *provided* that this Court shall retain jurisdiction as provided in the Plan and the Confirmation Order:

| **Debtor** | **Case No.** |
|---|---|
| ACBL Oldco, LLC | 20-30988 |
| ACBL River Operations LLC | 20-30983 |
| ACBL Transportation Services LLC | 20-30980 |
| ACL I Corporation | 20-30989 |
| ACL Professional Services Inc. | 20-30987 |
| American Commercial Barge Line LLC | 20-30981 |
| American Commercial Lines Inc. | 20-30982 |
| American Commercial Lines International LLC | 20-30990 |
| Commercial Barge Line Company | 20-30984 |
| Finn Holding Corporation | 20-30986 |
| Old JB LLC | 20-30985 |

2. The Reorganized Debtors, no later than twenty-one days after the date of entry of the Final Decree, shall file a post-confirmation report for the second quarter of 2020, through the date of entry of the Final Decree, and shall serve a true and correct copy of said statements on the acting U.S. Trustee.

3. The Reorganized Debtors, no later than twenty-one days after the date of entry of the Final Decree, shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) by remitting payment to the United States Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200, and shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas.  The payment shall reflect the Reorganized Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly

Disbursement and Fee Report" available from the acting U.S. Trustee.  This Court shall retain jurisdiction to enforce payment of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

4. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

5. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

6. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen any of these chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code.

7. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

8. Notwithstanding the relief granted in this Final Decree, nothing in this Final Decree, or any action taken in accordance herewith, shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Reorganized Debtor or Debtor entity; (b) a waiver of the Reorganized Debtors' or Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (g) a waiver of any claims or

causes of action which may exist against any entity; or (h) a waiver of the Reorganized Debtors' or Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

Signed: July 14, 2020

_____
Marvin Isgur
United States Bankruptcy Judge